UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RETROPHIN, INC., <br><br>                 Petitioner, <br>   -against- <br><br> KEVIN MULLEADY, <br><br>                 Respondent. | Case No.: <br><br> ECF Case |

## PETITION TO ENFORCE ARBITRATION SUMMONS

Petitioner Retrophin, Inc. ("Retrophin" or "Petitioner") alleges as follows against Respondent Kevin Mulleady ("Respondent"):

### PARTIES

1. Petitioner Retrophin is a biopharmaceutical company incorporated in Delaware with its principal place of business in San Diego, California.

2. Upon information and belief, Respondent Kevin Mulleady is a resident of New York with a dwelling place or usual place of abode at 330 E. 38th Street, Apartment 54K, New York, New York, 10016-9804.

### JURISDICTION AND VENUE

3. This is a proceeding to enforce an arbitration summons arising under Section 7 of the Federal Arbitration Act, 9 U.S.C. § 7.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interests and costs.

5.  Venue is proper in this judicial district pursuant to 9 U.S.C. § 7 because the arbitration hearing is before arbitrators sitting in this district.

## THE UNDERLYING ARBITRATION

6.  This proceeding arises from a JAMS arbitration proceeding between Retrophin and its former Chief Executive Officer, Martin Shkreli (the "Shkreli Arbitration").

7.  Retrophin filed a lawsuit against Shkreli in August 2015 in the Southern District of New York accusing Shkreli of breach of fiduciary duty and being a "faithless servant." *Retrophin, Inc. v. Shkreli*, 15-cv-06451 (the "Federal Suit"). Affirmation of Kevin Mead, dated May 23, 2019 ("Mead Aff."), Ex. A, Complaint. The complaint in the Federal Suit alleges, among other things, that Shkreli caused Retrophin to enter into settlement agreements and sham consulting agreements that were in fact for the benefit of disgruntled investors in his former hedge funds (the "MSMB Funds") (and therefore for the benefit of Shkreli), rather than for the benefit of Retrophin; and that Shkreli allocated Retrophin shares connected with a reverse merger to two of his associates in order to gain a personal benefit for himself. The complaint seeks damages of $65 million.

8.  Two days after Retrophin filed the Federal Suit, Shkreli filed the Shkreli Arbitration. In the interest of having all disputes between the parties determined in a single proceeding, Retrophin filed its complaint in the Federal Suit as its counterclaims in the Shkreli Arbitration.[1] After the Panel ruled Retrophin's claims were arbitrable, Retrophin filed a notice of voluntary dismissal of the Federal Suit.

9.  The Shkreli Arbitration is scheduled for a final merits hearing for ten days between June 10 and June 25, 2019.

---

[1] The Federal Suit and Shkreli Arbitration were stayed to allow the parties to discuss settlement and again following Shkreli's indictment in December 2015 in the United States District Court for the Eastern District of New York. *United States v. Shkreli*, 15-cr-00637 (KAM).

**THE SUMMONS TO MULLEADY**

10. On April 4, 2019, the three-member arbitration panel (the "Panel") executed and issued an arbitration summons (the "Summons"). Mead Aff., Ex. C. The Summons required Mulleady to appear and testify as a witness at a hearing before one or more of the arbitrators on April 23, 2019, or on a date to be mutually agreed upon, at JAMS New York Resolution Center, New York Times Building, 620 Eighth Avenue, 34th Floor, New York, New York 10018. *Id*. The Summons required Mulleady to bring with him documents related to "Retrophin, the MSMB hedge funds, or any of the MSMB hedge fund investors, including but not limited to Darren Blanton, Alan Geller, Lee Yaffe, Steven Rosenfeld, Richard Kocher, Lindsay Rosenwald, Sarah Hassan, Spencer Speilberg, Schuyler Marshall, [] David Geller, or Michael Lavelle." *Id*.

11. Retrophin attempted to serve Mulleady at his apartment building nine times, but was unable to make personal service on Mulleady. *See* Mead Aff., Ex. G and Ex. H.

12. An attorney for Retrophin spoke to Mulleady on April 15. Mulleady stated that he would have his lawyer contact Retrophin's counsel.

13. Following the conversation, Retrophin sent the Summons to Mulleady by certified mail and email. *See* Mead Aff., Ex. H and Ex. I. A process server also gave a copy of the Summons to the doorman at Mulleady's apartment building. *See* Mead Aff., Ex. H.

14. On April 22, 2014, eight days after Mulleady said his lawyer would contact Retrophin's counsel, Lance J. Gotko, Esq., an attorney at Friedman Kaplan LLP, contacted Retrophin's counsel. On April 23, 2014, Gotko agreed to accept service of the Summons on behalf of Mulleady. Mead Aff., Ex. J.

15. On May 3, 2014, Mulleady, through counsel, objected to the Summons and indicated he would not comply because the Summons "would impose unfair and undue burden

3

and costs upon him" and "because it appears the subpoena was improperly interposed to annoy and harass Mulleady." *Id*.

## THE ARBITRATION SUMMONS SEEKS RELEVANT INFORMATION

16. The Summons seeks information highly relevant to Retrophin's counterclaims and defenses in the Shkreli Arbitration.

17. Mulleady is a close business associate of Shkreli. He worked for the MSMB Funds as well as Turing Pharmaceuticals AG (renamed Vyera Pharmaceuticals and subsequently Phoenixus AG) ("Turing"), an entity founded by Shkreli after he left Retrophin.

18. Mulleady is referenced numerous times in Retrophin's complaint in the Federal Suit, which is the basis for its counterclaims in the Shkreli Arbitration. *See* Mead Aff., Ex. A, ¶¶ 22, 30, 34, 35, 37, 38, 39, 104 n.6, 136 n.7, 190. Specifically, Retrophin's counterclaims allege that:

- Shkreli breached his fiduciary duty by causing Retrophin to enter into settlement and consulting agreements with former MSMB investors that were not in fact for the benefit of Retrophin. Mulleady was a key point of contact with individuals who received these settlement and consulting agreements, and Retrophin believes that he discussed them with one or more of these investors.

- when Retrophin gained control over the "Fearnow Shares," Shkreli arranged for Mulleady to receive some of those shares, and in exchange Mulleady transferred some of his Retrophin shares to Shkreli personally.

- Shkreli caused a settlement agreement concerning compensation allegedly owed to Mulleady to be drafted as a consulting agreement, even though the parties did not contemplate that Mulleady would be providing bona fide consulting services to Retrophin.

19. Upon information and belief, Shkreli entered into a settlement agreement with Mulleady in or around late 2014 or early 2015 in order to prevent Mulleady from contacting law enforcement about the aforementioned sham consulting agreements.

20. Upon information and belief, Shkreli and Mulleady also worked together to form a limited liability company called Prospero Pharmaceuticals in May 2015 that attempted to create a generic version of one of Retrophin's products, Thiola.

21. Mulleady was identified as a co-conspirator in Shkreli's criminal case before the Eastern District of New York in which Shkreli was charged and convicted of securities fraud in connection with the MSMB Funds and manipulating Retrophin's stock. *See* Mead Aff., Ex. F.

22. Shkreli has identified Mulleady as an individual with knowledge in the Shkreli Arbitration pursuant to JAMS Streamlined Rule 13(a), which requires the parties to identify "the names of all individuals with knowledge about the dispute or claim . . . who may be called upon to testify or whose reports may be introduced at the Arbitration Hearing."

23. On May 14, Retrophin asked the Panel to issue an order stating that the testimony and materials sought by the Summons are relevant to the Shkreli Arbitration. On May 23, the Panel declined to issue a finding as to relevancy but said that Retrophin was free to pursue enforcement of the Summons in court.

## THE ARBITRATION SUMMONS IS NOT UNDULY BURDENSOME

24. Retrophin attempted to work with Mulleady to reduce any burden imposed by the Summons but Mulleady rebuffed these efforts. Retrophin's counsel provided search terms to ease the burden of production. According to Mulleady's counsel the search terms Retrophin provided yielded 33,000 documents. Rather than demand that Mulleady review all 33,000 documents, Retrophin's counsel asked Mulleady to identify the search terms that were yielding a disproportionate number of hits. Mulleady's counsel initially agreed to that procedure, but then sent the May 3 email in which he said Mulleady would not comply with the Summons at all. *See* Mead Aff., Ex. J.

## TIME IS OF THE ESSENCE

25. The Summons called for Mulleady to appear before the Panel on April 23 or "on a date to be mutually agreed upon."

26. Mulleady's counsel did not acknowledge service of the Summons until April 23.

27.     Mulleady's prompt compliance with the Summons is important because the Panel has scheduled the final merits hearing in the Shkreli Arbitration for ten days between June 10 and June 25, 2019.

**WHEREFORE**, Petitioner respectfully requests that this Court enter an Order:

A.      Compelling compliance with the arbitration summonses as provided in 9 U.S.C. § 7; and

B.      Granting such other and further relief as may be appropriate.

Dated: New York, New York
       May 23, 2019

                                        COOLEY LLP

                                        By: /s/Celia Goldwag Barenholtz
                                            Celia Goldwag Barenholtz
                                            Ian Shapiro
                                            Kevin Mead
                                            Amanda Liverzani
                                            COOLEY LLP
                                            55 Hudson Yards
                                            New York, New York 10001
                                            Tel. (212) 479-6000
                                            Fax. (212) 479-6275

                                        *Attorneys for Retrophin, Inc.*